JACOB KAWANOV, Respondent, v. JENNIE GOTTLIEB, Appellant.

First Department, April 5, 1918.

Negligence — damages — failure to allege special damage — evidence — value of physician's services — impeaching witness — evidence that witness was convicted of crime.

Where a plaintiff suing to recover for personal injuries alleges no special damages in the complaint it is error for the court, over objection of the defendant, to allow evidence as to the value of a physician's services rendered to the plaintiff.

The plaintiff was not justified in placing a witness on the stand to prove that one of the defendant's witnesses had been convicted of a crime, there having been no denial of such conviction by said witness. The rule is that a witness whose conviction is sought to be proved should be allowed to give his testimony in explanation of the conviction, if any there be.

Such error in the admission of evidence was not cured because the court subsequently ruled the testimony out, where the whole case presented a close question of fact for the jury.

APPEAL by the defendant, Jennie Gottlieb, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of March, 1917, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 26th day of March, 1917, denying defendant's motion for a new trial made upon the minutes.

*Herman Gottlieb*, for the appellant.

*Charles Goldzier* of counsel [*House, Grossman & Vorhaus*, attorneys], for the respondent.

SMITH, J.:

Upon September 26, 1915, between twelve and one o'clock in the afternoon, the plaintiff was crossing Second avenue, north of the intersection with Fourteenth street. While crossing that avenue, he was struck by the defendant's car and injured, and this action is brought to recover damages for those injuries. The defendant challenges the judgment upon separate grounds. She first insists that the verdict

is against the weight of evidence. The plaintiff's claim is that in crossing Second avenue, he had nearly reached the western curb, to which he was going, when he was struck by the defendant's car which in going north had passed over to the west side of the avenue in order to get ahead of a cross-town trolley car coming from the east to the west on Fourteenth street, and that it was by reason of this automobile swerving to the west side of the road that plaintiff was injured. Evidence for the defendant is to the effect that her car was not at any time upon the west side of Second avenue, but that the chauffeur waited until the car had passed from east to west upon Fourteenth street and went behind the car and the plaintiff was struck while upon the east side of Second avenue.

Some of my colleagues are of the opinion that the jury improperly determined this question as against the defendant upon the weight of the testimony, but the determination of this question is unnecessary in view of other matters, which will be considered later in the opinion. There is some doubt also whether the jury properly concluded that the chauffeur at the time of the accident was in the defendant's employ, engaged in the defendant's business, but that was a question of fact which the jury determined as against the defendant. The court, however, clearly erred in allowing the plaintiff to give evidence as to the value of the physician's services as against the objection that no special damages were pleaded in the complaint. Authority is hardly necessary to the proposition that the plaintiff must plead special damages in order to be allowed to recover therefor. No notice was given in the plaintiff's pleading of any claim for a physician's bill, or for the services of a physician, and without such notice the defendant's objection that the evidence was not within the pleading was clearly well taken and the reception of the evidence was erroneous.

We are of opinion also that the plaintiff's attorney was not justified in putting the witness Johnston upon the stand. The only purpose of putting him upon the stand was to prove the conviction of a crime by Unterman, one of the defendant's witnesses. This the plaintiff's attorney well knew was not proper evidence, in the absence of a denial by Unterman that he had been convicted of the crime. The foundation

for the rule is that the witness, whose conviction is sought to be proven, should be allowed to give his testimony in explanation of the conviction, if any there be. While the court subsequently ruled the testimony out, nevertheless the mischief had already been done and the defendant was required to go before the jury with his witness stigmatized by a conviction for a crime which he had had no opportunity to explain. It may be that in some cases the admission of such testimony would not be sufficient to cause a reversal of the judgment, but in a case where the evidence presents such a close question of fact for the jury, we think that the defendant may have been unduly prejudiced by this evidence and are of the opinion that the ends of justice require a reversal of this judgment and order and a new trial.

The judgment and order should, therefore, be reversed, with costs to the appellant to abide the event, and a new trial ordered.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.